## J. A. BARNETT ET AL. V. T. M. PYLE ET AL.

### Decided February 27, 1904.

**1.—Promissory Note—Delivery—Conditions.**

Where the action was on a promissory note, defendant's plea that the note had never been delivered was not sustained by proof showing that the note was given for part of the consideration of a sale of lands and cattle and that the seller and buyer jointly deposited the deeds and the note with a bank with instructions to deliver them to the parties respectively when the buyer should deposit with the bank the money called for by the note, which money he was to raise from a sale of the cattle he had so bought, and the cattle were delivered to and then sold by the buyer and the money placed in the bank, but the buyer instructed the bank not to apply it to the note until the seller had complied with a further condition which the buyer had not the right to exact.

**2.—Same—Tender.**

Under such conditions the deposit of the money in the bank was not a tender of it in payment upon the note.

Appeal from the District Court of Donley. Tried below before Hon. Ira Webster.

*J. H. O'Neal* and *W. M. Pardue,* for appellants.

*Browning, Madden & Truelove, W. B. Ware, W. M. Smith,* and *H. E. Deavor,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The promissory note declared on and read in evidence, dated August 1, 1902, due October 15, 1902, payable to J. A. Barnett in the sum of $10,000, with interest at 10 per cent from maturity and attorney's fees of 10 per cent, and signed by T. M. Pyle, entitled appellant Barnett to judgment against appellee for $7460, the principal having been reduced by credits to that sum, with interest and attorney's fees, as provided in the note.

The defense was twofold: first, that the note had never been delivered; second, that it had been paid. The execution of the note was not put in issue by a sworn plea, and the evidence utterly failed to establish any such defense. Payment or tender of payment was sufficiently pleaded, but was not proved. The reason for these conclusions will be found in the following statement:

Barnett agreed to sell Pyle his ranch and cattle in Hall and Childress Counties for $24,000, to be paid as follows: Ten thousand cash; $10,000 on five years' time, note to be secured by deed of trust on the lands to be conveyed; $1000 in a house and lot in Clarendon, and Pyle to assume the payment of $3000 which stood against the land. Pyle, not being able to make the cash payment, signed the note sued on with the understanding that the cattle were to be delivered to him free of liens, so that he might sell them and thus raise the first $10,000 by October 15, 1902. He also signed the other note and the

deed of trust to secure it, assuming also the incumbrance above mentioned. At the same time Barnett signed deed to the lands. All the papers were then carried by both parties to the First National Bank of Memphis, Texas, and delivered to the cashier, who issued to each party a deposit slip, retaining a copy himself, as follows: "Deposited by J. A. Barnett for safe keeping with the First National Bank of Memphis, Texas, 8-1-02, checks as follows: 1 note for $10,000, due 10-15-02; 1 note for $10,000, due five years from 8-1-02; four deeds; one deed of trust; deeds to be given to T. M. Pyle when the first $10,000 note is paid in full; deed of trust and other note goes to J. A. Barnett. Signed S. S. M." This occurred on August 1, 1902. The next day the cattle were delivered, and soon thereafter Pyle conveyed to Barnett the house and lot in Clarendon, and proceeded to sell the cattle and out of the proceeds to make payments on the note declared on, thus reducing the amount thereof to $7460. In selling his herd of cattle to Pyle, Barnett guaranteed the number to be 500, reserving three, however, in case there should be 500 without them. The number delivered, not counting these three, was 514. Pyle, however, claimed four (but not the three reserved) in addition to the 514. These four seem to have been running with the herd sold to Pyle, but did not belong to Barnett, three of them belonging to his son and one to his granddaughter. He declined for that reason to deliver them as a part of his herd, and so stated at the time of delivery. Also the day before, just after leaving the papers at the bank, in conversation with Pyle, he stated that the three belonging to his son were not included in the trade, to which Pyle made no reply, but testified that he thought appellant was joking. Pyle, however, sold more than half of the cattle, including also the three belonging to Barnett's son, and in September, 1902, made two payments on the note, but at the maturity thereof, although he had the money to pay the balance, refused to do so unless Barnett would execute to him a bill of sale in substance declaring the number of cattle owned and conveyed by Barnett to be about 520 head, and that all were conveyed except the three reserved in the sale, and this notwithstanding the admitted fact that he had agreed with Barnett that no bill of sale would be required until after he had paid the note. Barnett, however, tendered him a bill of sale to the 514 head actually delivered, which he declined to accept, and instructed the bank not to pay Barnett the money placed with it to pay off this note unless he would execute the bill of sale prepared and left with the bank by Pyle for him to sign. In thus seeking to adjust the trivial controversy about the four cattle belonging to Barnett's son and granddaughter, which should have been settled in the justice court, Pyle assumed the risk of having to pay interest and attorney's fees as provided in the note he had executed, and must now take the consequences.

The bank followed Pyle's instructions in withholding the money from Barnett, but offered to pay it under the direction of the court, and should therefore not have been taxed with costs.

The judgment is consequently reversed and here rendered for appellant Barnett against appellee in accordance with the conclusion first stated above, and the appellant bank is ordered to pay the money held by it to appellant Barnett, to be applied as a credit on the judgment here rendered, with all costs both of this court and the court below taxed against appellee.

*Reversed and rendered.*

Writ of error refused.